UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GURSHARN SINGH,

Petitioner,

v.

MARKWAYNE MULLIN, *et al.*,

Respondents.

Case No. C26-2683-MLP

ORDER

Petitioner Gursharn Singh is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. He filed, through counsel, this 28 U.S.C. § 2241 habeas action, asserting his detention "without a current determination by a neutral decisionmaker of whether detention remains justified" violates his due process rights under the Fifth Amendment. (Dkt. # 1, ¶ 57.) Respondents filed a return (dkt. # 6), along with declarations from U.S. Department of Homeland Security ("DHS") Deportation Officer Andre Ouk (dkt. # 7) and their counsel Lawrence Van Daley (dkt. #8). Petitioner filed a traverse (dkt. # 9).

Having reviewed the parties' submissions and the governing law, the Court DENIES the petition (dkt. # 1) for the reasons set forth below.[1]

## I. BACKGROUND

The Court incorporates by reference the court's factual summary of Petitioner's immigration-related background from Petitioner's first habeas petition in *Singh v. Noem*, 2026 WL 592265, at *1 (W.D. Wash. Mar. 3, 2026) ("*Singh I*").

Petitioner is a native and citizen of India who entered the United States from Mexico on April 24, 2023. (Ouk Decl., ¶¶ 3-4.) He was apprehended by border patrol and served with a Notice to Appear ("NTA"), charging him with being inadmissible under the Immigration and Nationality Act ("INA"). (*Id.* ¶ 5.) He was thereafter released on an Order of Release on Recognizance ("OREC") on April 26, 2023. (*Id.*)

On January 7, 2026, ICE arrested Petitioner after he reported to the Seattle Emergency and Removal Operations ("ERO") office as part of his OREC reporting requirements. (Ouk Decl., ¶ 10.) During a case review, ERO officials discovered Petitioner failed to report to "[twenty-two] separate check ins." (*Id.*) ICE revoked his OREC and took him into custody. (*Id.*)

Shortly after his arrest, Petitioner sought habeas relief in this District and on March 3, 2026, the Honorable Brian A. Tsuchida ordered the government to provide him with a bond hearing under 8 U.S.C. § 1226(a), at which the government bore the burden of proof to show by clear and convincing evidence that Petitioner was a flight risk or danger to the community. *Singh I*, 2026 WL 592265, at *3-4.

[1] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 4.)

On March 9, 2026, the immigration judge ("IJ") held that hearing and denied release, finding Petitioner to be a flight risk. (Dkt. # 1, ¶ 5; *see* dkt. # 8-5 at 2.) Petitioner did not appeal the IJ's denial. (Dkt. # 9 at 7.)

On July 30, 2026, Petitioner filed the instant petition, asserting his "prolonged detention without a constitutionally adequate and current hearing" violates his constitutional rights. (Dkt. # 1, ¶ 6.) He seeks release from custody or a bond hearing. (*Id.* at 14.)

## II. LEGAL STANDARD

Federal courts have authority to grant writs of habeas corpus to individuals detained in "violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3); *Yildirim v. Hermosillo*, 2026 WL 111358, at *1 (W.D. Wash. Jan. 15, 2026). Habeas petitioners must prove by a preponderance of the evidence that they are entitled to habeas relief. *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004) (citation omitted).

## III. DISCUSSION

Petitioner asserts that "[t]his case does not challenge removal proceedings, statutory detention authority, or discretionary arrest power. It challenges only the absence of a current, constitutionally adequate custody determination addressing whether [his] continued detention remains justified under the changed posture of his case." (Dkt. # 1, ¶ 35.) However, because Petitioner has a statutory avenue for the relief he seeks here, and has not demonstrated that he has sought that available remedy, he has not met his burden to show that he is detained in violation of the law.

Although the Court is mindful that Petitioner's claim is constitutional, identifying the statutory authority governing his current detention is an important threshold issue, particularly considering the relief Petitioner seeks: a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281,

297, 306 (acknowledging neither 8 U.S.C. § 1225(b)(1) nor § 1225(b)(2) "says anything whatsoever about bond hearings" while those "detained under § 1226(a) receive bond hearings at the outset of detention"); *see also Prieto-Romero v. Clark*, 534 F.3rd 1053, 1057 (9th Cir. 2008) ("To determine whether Congress has authorized his detention, we must first identify the statutory provision that purports to confer such authority on the Attorney General.").

Here, Petitioner is detained under 8 U.S.C. § 1226(a). *See Singh I*, 2026 WL 592265, at *2; *see also* dkt. # 6 at 1-4, 6-10. Thus, as Respondents note in their return memorandum, he has the statutory right to request a bond hearing upon a showing of materially changed circumstances. (Dkt. # 6 at 10 (citing 8 C.F.R. § 1003.19(e)).) *See also Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022); *Matter of Uluocha*, 20 I. & N. Dec. 133, 134 (BIA 1989).

Section 1003.19(e) provides that, "[a]fter an initial bond redetermination, [a noncitizen's] request for a subsequent bond redetermination shall be made in writing and shall be considered only upon a showing that the [noncitizen's] circumstances have changed materially since the prior bond redetermination."

Here, Petitioner asserts that his "posture has materially changed, and his detention has continued for months, yet no neutral decisionmaker has assessed whether his ongoing confinement remains justified under present circumstances." (Dkt. # 1, ¶ 29.) However, there is no evidence Petitioner has requested a bond redetermination hearing under § 1003.19(e) in light of this purported "materially changed posture." (*See* dkt. # 6 at 7.) Nor does Petitioner seek to excuse the exhaustion requirement in his initial petition. *See Leonardo v. Crawford*, 646 F.3d 1157, 1160-61 (9th Cir. 2011) (dismissing without prejudice where petitioner did not

demonstrate grounds for excusing exhaustion) (citing *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007)); *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004).

In Petitioner's reply, he asserts § 1003.19(e) is an inadequate process because Respondents take the position in their return that he has not demonstrated a material change in circumstances warranting a custody redetermination. (Dkt. # 9 at 15.) In other words, it would be futile for him to seek redetermination at all because he knows Respondents' position on the merits. Petitioner's conclusion is speculative, and the basis for drawing it is largely irrelevant. Petitioner's application for reconsideration would be presented to an immigration judge, not Respondents. *See* 8 C.F.R. § 236.1(d)(1). Thus, knowing Respondents' litigation position here does not, as Petitioner contends, render § 1003.19(e) "structurally incapable of affording the relief sought." (Dkt. # 9 at 15.) It just means Petitioner knows what to expect from the government if he is he ultimately denied relief and seeks reconsideration. (*See* dkt. # 6 at 10 (arguing that issuance of a non-final removal order does not constitute materially changed circumstances).) Accordingly, without more, the Court is not inclined to bypass the available administrative process under § 1003.19(e) to reach Petitioner's constitutional question on the speculative assumption that Petitioner might lose on the merits.

The cases cited by Petitioner to support his request are distinguishable. Petitioner asserts that *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316 (W.D. Wash. 2025), *Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130 (W.D. Wash. 2025), *Kumar v. Wamsley*, 2025 WL 2677089, at *2-3 (W.D. Wash. Sept. 17, 2025), and *Ledesma Gonzalez v. Bostock*, 2025 WL 2841574, at *7-8 (W.D. Wash. Oct. 7, 2025) all support his position that, under *Mathews v. Eldridge*, 424 U.S. 319 (1976), due process entitles him to a bond hearing. (Dkt. # 1, ¶ 40.) Those cases, however, apply *Mathews* to assess the constitutionality of the petitioner's *redetention*—in other words,

whether the individual petitioner was entitled to additional process prior to being redetained after having been previously released into the United States.

Here, Petitioner's claim is different. He does not challenge the circumstances of his January 7, 2026, arrest or redetention. He expressly challenges his "unlawful and *ongoing* detention," which he characterizes numerous times throughout his petition as "prolonged." (Dkt. # 1, ¶ 1 (emphasis added); *see id.* ¶¶ 4, 6, 43-46, 56.) As Petitioner correctly acknowledges, courts in this District assess prolonged detention claims under the framework articulated in *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1117 (W.D. Wash. 2019). (*Id.* ¶ 43.) However, as Respondents correctly point out, *Banda* only supplies the appropriate framework to assess prolonged detentions governed under § 1225(b). (Dkt. # 6 at 9.) *See Rahmani v. Bondi*, 2026 WL 638364, at *3 (W.D. Wash. Mar. 6, 2026) (collecting cases that apply *Banda* to prolonged detention challenges under § 1225(b)). Petitioner acknowledges in his reply that he is detained under § 1226(a) and agrees with Respondents that *Banda* in inapplicable here. (Dkt. # 9 at 16.)

The Court's decision here does not foreclose the claim Petitioner ultimately seeks to advance: whether his detention under § 1226(a) has become so prolonged that due process entitles him to relief. But the habeas writ's core focus is on the lawfulness of the petitioner's detention and Petitioner has an administrative avenue that bears directly on the custody he challenges, as well as the relief he seeks, here. Because ordering the bond hearing sought would deliberately bypass § 1226(a)'s bond redetermination process, the Court appropriately DENIES the petition (dkt. # 1) without prejudice for failing to exhaust administrative remedies. *See Kim v. Mullin*, 2026 WL 948347, at *5 (W.D. Wash. April 8, 2026) (denying habeas petition for failing to exhaust under similar circumstances).

## IV. CONCLUSION

For these reasons, the Court DENIES the petition (dkt. # 1) without prejudice.

Dated this 20th day of August, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge